IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION


DISABLED PATRIOTS OF AMERICA, INC., )   CASE NO.: 1:07 CV 2355
et al.,                              )
                                     )
          Plaintiffs,                )
                                     )
v.                                   )   JUDGE DONALD C. NUGENT
                                     )
UNIVERSITY HOSPITALS HEALTH          )
SYSTEMS, INC.,                       )
                                     )   <u>MEMORANDUM OPINION</u>
          Defendant.                 )   <u>AND ORDER</u>
                                     )


    This matter is before the Court on Defendant, University Hospitals Health Systems, Inc.'s

("UH") Motion for More Definite Statement.  (ECF # 10).  Plaintiffs filed a motion in response

and the UH filed a reply in support of its motion.  (ECF # 11, 20).   After careful consideration of

the briefs and a review of all relevant authority, Defendant's motion to dismiss or for more

definite statement is DENIED.

## FACTS AND PROCEDURAL HISTORY[1]

The Complaint alleges that Bonnie Kramer, and other persons with disabilities (represented by Disabled Patriots of America, Inc., hereinafter "Disabled Patriots") have suffered or will suffer injury because the Defendant University Hospital ("UH") is not in compliance with the requirements of the Americans With Disabilities Act ("ADA").  (Complaint ¶ 3).  The Complaint further alleges that Bonnie Kramer is a member of the non-profit corporation, Disabled Patriots of America, Inc., is disabled as defined by the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq*., and uses a wheelchair for mobility purposes.  Ms. Kramer is a "tester" who personally visits public accommodations and seeks out barriers that she believes violate the ADA.  If such barriers are found, Ms. Kramer initiates legal proceedings. (Complaint ¶¶ 2 - 4).

In this case, Ms. Kramer claims that she attempted to access the UH facilities, but that she was unable to do so because there were barriers to access, dangerous conditions, and other alleged ADA violations that precluded or limited her access to the facilities and/or to the goods and services offered therein.   (Complaint ¶13).  The Complaint contains a more detailed list of alleged violations including those relating to parking, entrances, door width, counter heights, protruding objects, and restrooms. (Complaint ¶ 16), but it does not specify when Ms. Kramer encountered the alleged violations or where within the facility the alleged violations were found.

---

[1]

In accordance with the applicable standards on a motion to dismiss, the facts in the Complaint have been taken as true for purposes of this opinion.

## **STANDARD OF REVIEW**

A defendant is entitled to fair notice of the basis for a plaintiff's claims.  *See Bell Atlantic Corp. V. Twombly*, 127 S. Ct. 1955, 1964 (2007).  Fair notice is satisfied when a complaint contains at least the operative facts upon which the plaintiff bases his or her claim(s).  *Id.*  A plaintiff's obligation to provide fair notice requires more than just labels and conclusions; the plaintiff must offer factual allegations sufficient to raise the possibility of a right to relief above the speculative level.  *Id.*  at 1965.

If a plaintiff fails to provide the defendant with fair notice of the claim(s), Federal Rule of Civil Procedure 12(e) provides a means to remedy the deficiency.  Specifically, Civ. R. 12(e) states:

> If a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to form a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading.

Defendant, UH, claims that it cannot form a responsive pleading to the Complaint as written, and requests that this Court grant its motion for a more definite statement.

## **ANALYSIS**

UH claims in its Motion for More Definite Statement, that the plaintiffs do not sufficiently allege what type of disability the Disabled Patriots seek to redress.  Further, UH claims that absent more specific information as to the location and nature of the alleged violations, it cannot accurately answer whether the violations alleged in the Complaint exist, and whether they truly affect Ms. Kramer or other unnamed persons represented by the Disabled

-3-

Patriots of America.  Further, UH argues that unless all allegedly affected individuals and their disabilities are identified, it is impossible to determine whether they actually satisfy the requirements for bringing an individual cause of action under the ADA.   Under the present law, however, ADA claims are simply not subject to a specificity requirement that would require the additional detail sought by the Defendant at this time.

Looking at the face of the Complaint, it appears to provide sufficient factual allegations to state grounds for an entitlement to relief.  The Complaint, though not specific as to the where and when of the alleged violations, still identifies with some degree of specificity the types of alleged violations at issue, and is not so vague or ambiguous as to preclude UH from forming a response. Still, the Court is sympathetic to the Defendant's position, and is mindful of the difficulties that the lack of detail in this Complaint may create.

Although a more detailed description of the alleged violations is highly encouraged and could potentially save both the parties and the Court a great deal of time and expense, the missing details are ultimately issues that can be directly addressed through early discovery.  If through the course of discovery, the Plaintiffs are not able to provide specific details, including the time period(s) in which Ms. Kramer encountered the alleged violations, and the specific location and/or description of the alleged violations, or the names and disabilities of other allegedly injured parties represented by Disabled Patriots, a defense motion for summary judgment may merit very serious consideration.  However, under the current dismissal standard, the Complaint does sufficiently state a claim upon which relief could be granted.  UH should be able to frame an answer to the Complaint, as written, based on its current knowledge and good faith belief relating to its ADA compliance.  As with any litigation, it is understood that the

-4-

Defendant's ultimate position on whether compliance has in fact been achieved may be altered during the course of discovery, as the claims are more specifically defined and as new information is uncovered..

## **CONCLUSION**

For the reasons set forth above, the Defendant's Motion for More Definite Statement (ECF #10) is hereby DENIED.  IT IS SO ORDERED.

    S/Donald C. Nugent
Judge Donald C. Nugent
United States District Judge

Date:    February 29, 2008

-5-